UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

LLOYD VILLARRUBIA,

Plaintiff,

v.

UNITED AIRLINES, et al.,

Defendants.

Case No.  25-cv-07246-YGR   (RMI)

**ORDER ON DISCOVERY LETTER BRIEFS**

Re: Dkt. Nos. 40, 41

Before the court are two discovery Letter Briefs, which have been referred to the undersigned for resolution. The first Letter Brief (dkt. 40) is a motion to compel filed by Plaintiff wherein he seeks "an Order requiring Defendant, United Airlines, to produce documents pursuant to the ESI Protocol within 20 days." (Letter Br., dkt. 40 at 2.) More specifically, while United has produced ESI pursuant to the parties' agreed upon terms and custodians, they have done so only for a "one-year lookback period," while Plaintiff seeks the same information for a five-year period. (*Id.*) United counters that it has already made three separate ESI productions in this case. (*Id.*) ("On February 24 Defendant produced ESI resulting from agreed-upon terms and date ranges for Plaintiff and Redmond. On March 6, Defendant produced ESI resulting from a set of agreed-upon search terms and date ranges for a variety of other custodians including SFO operations personnel and flight attendants. And, on April 7, Defendant produced additional ESI stemming from a set of agreed upon terms for these custodians, though only dating back to February 19, 2024 (not 2020 as Plaintiff demands).") Further, United contends that an "*additional* five-plus-year lookback (i.e. all records from January 1, 2020 to the present), of the 195 individualized search terms across an unreasonable set of custodians, is resulting in an overbearing amount of

results." (*Id*. at 4.) United explains that using Plaintiff's requested date range has resulted in over 42,000 "hits," while the one-year lookback has produced 12,849 "hits," which United then took the time to review and then produced all responsive documents. (*Id*.)

The court finds that considering the number of "hits" and time it would take to review for the requested lookback period, Plaintiff's request here is overburdensome and not proportionate to the needs of this case. Plaintiff fails to identify what information he has received in the ESI productions to date that would support widening the scope or why he could not gain the information he seeks through less burdensome means such as targeted RFPs or through deposition testimony. Accordingly, Plaintiff's request for additional ESI productions is DENIED.

As to the second Letter Brief (dkt. 41), Plaintiff failed to appear for a noticed deposition. Plaintiff says that he failed to appear because he agreed to set a deposition date contingent on receipt of responsive documents to his propounded RFPs and that he had not received the documents prior to the deposition date and therefore did not appear. The parties then squabble about whether the production has taken place or not and there are allegations of "sandbagging" and fabricating a discovery dispute, a request for a discovery referee, and a request to seek leave for a recovery of costs.

The issue before this court is Plaintiff's deposition. Plaintiff offers no reasonable explanation for why his deposition must take place after completed production of the RFPs. The parties are ordered to meet and confer and set a deposition date. United's request to file a motion for recovery of costs is DENIED without prejudice.

The parties are ordered to file a joint notice of compliance within 7 days of the date of this order, confirming the date, time, and location of Plaintiff's deposition.

**IT IS SO ORDERED.**

Dated: May 19, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

2